

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

WMN
F.#2004R01800

*271 Cadman Plaza*
*Brooklyn, New York 11201*

September 26, 2012

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Gabriel Herrera, et al.
           Criminal Docket No. 04-749 (JG)

Dear Judge Gleeson:

    The government respectfully submits this letter in response to the letter by defendant Gabriel Herrera Villada ("Herrera"), dated September 24, 2012, requesting a lesser sentence due to, among other things, his incarceration at Combita prison in Colombia while awaiting extradition. This letter addresses only the defendant's argument with respect to Combita; for the reasons stated below, the government opposes the defendant's request that the Court grant a lesser sentence based on that argument.

    In United States v. Carty, the Second Circuit held, for the first time, that "pre-sentence confinement conditions may in appropriate cases be a permissible basis for downward departures." 264 F.3d 191, 196 (2d Cir. 2001). However, the Second Circuit did not decide whether the conditions alleged by the defendant in Carty warranted a downward departure, nor did the Circuit rule that conditions in any other case merited such a departure.[1] Thus, although conditions of pre-sentence confinement can be a valid basis for a departure, such a departure should only be granted in extraordinary circumstances. See United States v. Teyer, 322 F. Supp. 2d 359, 378 (S.D.N.Y.

---

    [1] In Carty, the defendant was confined in the Dominican Republic pending extradition. The defendant claimed that during his nine month confinement he lost forty pounds and was kept in a 4x8-foot cell with three other prisoners with no lights or running water, he was permitted outside only fifteen minutes per day and was granted only one telephone call per week. 264 F.3d 191, 193.

2004) (Lynch, J.) (denying departure request and noting that defendant must present "evidence of truly horrific conditions"), remanded sub nom on other grounds, United States v. Magana, 147 Fed. Appx. 200 (2d Cir. June 14, 2005) (applying Booker and Crosby); see, e.g., United States v. Mateo, 299 F. Supp. 2d 201, 207-12 (S.D.N.Y. 2004) (finding downward departure appropriate where defendant experienced sexual abuse by prison guard and birth of a child without medical attention); United States v. Francis, 129 F. Supp. 2d 612, 615-16, 619 (S.D.N.Y. 2001) (granting downward departure because "gangs were rampant throughout the institution, and supervision of the gangs was virtually non-existent").

The burden is on the defendant to prove by a preponderance of the evidence that a downward departure or a reduction in his sentence is appropriate. See United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005). To satisfy this burden, the defendant must show that: (1) the conditions of his confinement were "extreme to an exceptional degree"; and (2) those conditions fell upon him "in some highly unique or disproportionate manner." Teyer, 322 F. Supp. 2d at 377; accord Rickenbacker v. United States, 365 F. Supp. 2d 347, 351-52 (E.D.N.Y. 2005) (Spatt, J.).

In the present case, the defendant has failed to prove by a preponderance of the evidence that his Colombian confinement was so harsh as to merit a lesser sentence. As a preliminary matter, the defendant has not submitted a sworn affidavit describing conditions he experienced.

Beyond that, the claims by the defendant are generalized and unsubstantiated complaints, which lack any evidentiary value.[2] Combita, the prison housing inmates to be

---

[2] The State Department report cited in a footnote by the defendant provides no evidentiary value in support of his claim because that State Department report in turn cites a Colombian report that was written in October 2007 (hereinafter "2007 Report"); however, the defendant was incarcerated in Combita between June 2008 and May 2009, almost a year after the report detailing issues in Combita. Notably, that same 2007 Report also stated that the Colombian authority responsible for overseeing Combita "has been doing a good follow-up to that situation" and improving the conditions. Thus, the defendant has failed to sustain his burden by a preponderance of the evidence. See United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005) (explaining burden). Indeed, the defendant's allegations, even

2

extradited to the United States, was built according to U.S. Bureau of Prisons ("BOP") specifications. For this reason, the time the defendant spent at Combita will be included in BOP's calculations for the defendant's sentence in this case. Furthermore, some conditions at Combita are known to be better than those at BOP facilities. For example, inmates at Combita are allowed conjugal visits, unlike inmates in BOP facilities.

  Finally, the defendant's allegations, even if true, do not amount to extraordinary circumstances comparable to "gangs [being] rampant throughout the institution, and supervision of the gangs [being] virtually non-existent" or sexual abuse by the prison staff. Francis, 129 F.Supp.2d at 615-16, 619; Mateo, 229 F. Supp. 2d at 207-12. The allegations fall far short of proving by a preponderance of the evidence that the conditions of the defendant's confinement were "extreme to an exceptional degree" or that they fell upon him in a "disproportionate manner[.]" Teyer, 322 F. Supp. 2d at 377. Thus, the defendant should not receive a reduced sentence due to conditions in Combita.

  For the reasons stated above, the government opposes the defendant's request that the Court grant him a lesser sentence based on his incarceration at Combita while awaiting extradition.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   /s/
    Walter M. Norkin
    Assistant U.S. Attorney
    (718) 254-6152

cc:
Joseph Rosenbaum, Esq. (Via email)

---

if true, still do not amount to conditions "extreme to an exceptional degree[,]" Teyer, 322 F. Supp. 2d at 377, as the 2007 Report evidences a staff attentive to inmates and oversight to remedy inmate complaints.